UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARIA F. VELEZ,                       :
      Plaintiff,                    :
                                      :
  v.                                  :     CA 07-170 S
                                      :
MICHAEL J. ASTRUE,                    :
Commissioner of Social Security,      :
      Defendant.                    :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    This matter is before the Court on the request of Plaintiff Maria F. Velez ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), under §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("the Act").  Defendant Michael J. Astrue ("Defendant") has filed a motion under sentence six of 42 U.S.C. § 405(g) for remand of the matter to the Commissioner.

    The motion has been referred to this Magistrate Judge for preliminary review, findings, and recommended disposition.  See 28 U.S.C. § 636(b)(1)(B).  I recommend that Defendant's Motion for Entry of Remand under Sentence Six of 42 U.S.C. § 405(g) (Document ("Doc.") #4) ("Motion for Remand") be granted and that the matter be remanded to the Commissioner for further administrative proceedings.

**Facts and Travel**

    In April of 2004, Plaintiff filed applications for DIB and SSI.  See Complaint (Doc. #1) ¶ 8.  After Plaintiff exhausted her administrative remedies, her applications were denied by an

administrative law judge ("ALJ") in a written decision issued on or about August 18, 2006.  See Complaint ¶¶ 9-10.  Plaintiff filed a timely request for review by the Appeals Council which subsequently denied that request, see id. ¶¶ 11-12, thereby rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a Complaint in this Court on May 16, 2007.  See Docket.  On July 24, 2007, Defendant filed the instant Motion to Remand, which was referred to this Magistrate Judge on August 9, 2007, for findings and recommendations.  See id.

## Discussion

Plaintiff alleges that the ALJ's decision is not supported by substantial evidence and contains legal errors, see Complaint ¶¶ 13-14, that the Appeals Council erroneously denied her request for review, see id. ¶ 15, and that Defendant's findings of fact are legally inadequate, see id. ¶ 16.  She seeks entry of judgment reversing the ALJ's decision or, alternatively, remand under either sentence four or sentence six of 42 U.S.C. § 405(g).  See id. ¶¶ 19-21.

Sentence six of section 205(g) of the Act provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security ...." 42 U.S.C. § 405(g) (2007).  Defendant requests that the matter be remanded to the Commissioner pursuant to sentence six, see Motion for Remand, for the following reasons.

According to Defendant, the ALJ in his August 18, 2006, decision found that Plaintiff was not disabled because she had the residual functional capacity ("RFC") to perform a range of light work, including the type of work she had previously performed.  See Memorandum of Law in Support of Defendant's

2

Motion for Entry of a Remand Order under Sentence Six of 42 U.S.C. § 405(g) ("Defendant's Mem.") at 1. Thereafter, Plaintiff filed new applications for DIB and SSI and was found disabled as of September 22, 2006. See id. Defendant states that:

> Because Plaintiff has been found disabled very shortly after the ALJ's decision on the claims now subject to judicial review, [Defendant] request[s] that the case be remanded for further review of the medical record, consideration of evidence in the subsequent claim to the extent that it reflects Plaintiff's condition on or before August 18, 2006, and evaluation of whether Plaintiff was disabled at some time before the ALJ issued his decision in [the instant] case.

Defendant's Mem. at 1.

The Court finds that remand is warranted. Accordingly, I recommend that the Motion for Remand be granted. I also recommend that, on remand, the Commissioner direct the Appeals Council to remand the case to an ALJ for further review of the medical record, including consideration of the evidence developed in connection with Plaintiff's subsequent applications, and evaluation of whether Plaintiff was under a disability at any time on or before August 18, 2006. See id. at 2.

### Conclusion

I recommend that the Motion for Remand be granted and that the matter be remanded to the Commissioner for further administrative proceedings as outlined above. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 23, 2007